FILED

SEP 14 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

OCT 1 0 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 04-30139 |
| Plaintiff - Appellee, | D.C. No. CR-03-00154-JWS |
| v. | |
| EDGAR DAVID LEON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted September 11, 2006**

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

Edgar David Leon appeals from his guilty-plea conviction and 8-month sentence imposed for 21 counts of mail fraud in violation of 18 U.S.C. § 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for plain error.

---

\*     This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*United States v. Jimenez-Dominguez,* 296 F.3d 863, 867-69 (9th Cir. 2002). We affirm the conviction, but remand the sentence pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005) (en banc).

Leon contends that the district court plainly erred during the plea colloquy when it failed to make sure that Leon understood his rights, as required by Rule 11 of the Federal Rules of Criminal Procedure. Upon review, we conclude there is no plain error as appellant has failed to demonstrate that any omission seriously affected the fairness or integrity of his guilty plea. *See Jimenez-Dominguez,* 296 F.3d at 870. To the extent that Leon claims that he received ineffective assistance of counsel in the plea bargaining stage, we have repeatedly held that claims of ineffective assistance of counsel are properly raised in a 28 U.S.C. § 2255 motion rather than on direct appeal. *See, e.g., United States v. Molina,* 934 F.2d 1440, 1446 (9th Cir. 1991).

Because Leon was sentenced prior to *United States v. Booker,* 543 U.S. 220 (2005), and it cannot be determined from the record whether the judge would have imposed a materially different sentence had he known that the Sentencing Guidelines are advisory rather than mandatory, we remand to the sentencing court for further proceedings consistent with *Ameline,* 409 F.3d at 1084-85.

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
OCT 06 2006
by: Deputy Clerk